JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PO CHIH TSENG,

             Plaintiff,

    v.

JACK SIADEK and MONICA
SIADEK,

             Defendants.

**Case No. CV 17-00575-MWF (RAOx)**

**ORDER REMANDING ACTION
AND DENYING APPLICATIONS
TO PROCEED WITHOUT
PREPAYING FEES OR COSTS**

## I.

## FACTUAL BACKGROUND

Plaintiff Po Chih Tseng ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against Jack Siadek and Monica Siadek ("Defendants") on or about December 27, 2016.  Notice of Removal ("Removal") & Attached Complaint for Unlawful Detainer ("Compl.") and Notice of Demurrer, Dkt. No. 1.  Defendants are allegedly tenants of real property located in Torrance, California ("the property").  Compl., ¶¶ 1, 3, 6.  Plaintiff is the owner of the property.  *Id.* at ¶ 4.

Defendants filed a Notice of Removal on January 24, 2017, invoking the Court's federal question jurisdiction asserting that Defendants' Demurrer to the

1  Complaint raises issues under federal law.  Removal at 2.  The same day,

2  Defendants filed Applications to Proceed Without Prepaying Fees or Costs.  Dkt.

3  Nos. 3, 4.

### II.

### DISCUSSION

6      Federal courts are courts of limited jurisdiction, having subject matter

7  jurisdiction only over matters authorized by the Constitution and statute.  *See, e.g.,*

8  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128

9  L.Ed.2d 391 (1994).  It is this Court's duty always to examine its own subject

10  matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235,

11  163 L.Ed.2d 1097 (2006), and the Court may remand a case summarily if there is

12  an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*,

13  336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

14  opportunity to respond when a court contemplates dismissing a claim on the merits,

15  it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting

16  internal citations).  A defendant attempting to remove an action from state to

17  federal court bears the burden of proving that jurisdiction exists.  *See Scott v.*

18  *Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).  Further, a "strong presumption"

19  against removal jurisdiction exists.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th

20  Cir. 1992).

21      As noted above, Defendants assert that this Court has subject matter

22  jurisdiction due to the existence of a federal question.  (Removal at 2.)  Section

23  1441 provides, in relevant part, that a defendant may remove to federal court a civil

24  action in state court of which the federal court has original jurisdiction.  *See* 28

25  U.S.C. § 1441(a).  Section 1331 provides that federal "district courts shall have

26  original jurisdiction of all civil actions arising under the Constitution, laws, or

27  treaties of the United States."  *See id.* § 1331.

28  ///

1    Here, the Court's review of the Notice of Removal and the attached

2  Complaint and Demurrer makes clear that this Court does not have federal question

3  jurisdiction over the instant matter.  Plaintiff could not have brought this action in

4  federal court, in that Plaintiff does not allege facts supplying federal question

5  jurisdiction, and therefore removal was improper.  *See* 28 U.S.C. 1441(a);

6  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d

7  318 (1987) ("Only state-court actions that originally could have been filed in

8  federal court may be removed to federal court by the defendant.") (footnote

9  omitted).

10    First, there is no federal question apparent on the face of Plaintiff's

11  complaint, which alleges only a simple unlawful detainer cause of action.  *See*

12  *Wescom Credit Union v. Dudley*, No. CV 10-8203 GAF (SSx), 2010 WL 4916578,

13  *2 (C.D.Cal. Nov. 22, 2010) ("An unlawful detainer action does not arise under

14  federal law.") (citation omitted); *IndyMac Federal Bank, F.S.B. v. Ocampo*, No.

15  EDCV 09-2337 PA(DTBx), 2010 WL 234828, at *2 (C.D.Cal. Jan. 13, 2010)

16  (remanding an action to state court for lack of subject matter jurisdiction where

17  plaintiff's complaint contained only an unlawful detainer claim).

18    Second, there is no merit to Defendants' contention that federal question

19  jurisdiction exists because Defendants' Demurrer raises issues of federal law.

20  Removal at 2.  It is well settled that a "case may not be removed to federal court on

21  the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's

22  complaint, and even if both parties concede that the federal defense is the only

23  question truly at issue." *Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430.  Thus, to

24  the extent Defendants' defenses to the unlawful detainer action are based on alleged

25  violations of federal law, those defenses do not provide a basis for federal question

26  jurisdiction.  *See id.*  Because Plaintiff's complaint does not present a federal

27  question, either on its face or as artfully pled, the court lacks jurisdiction under 28

28  U.S.C. § 1331.

1

### III.

2

### CONCLUSION

3    Accordingly, IT IS ORDERED that this case is REMANDED to the Superior

4 Court of California, County of Los Angeles, forthwith.

5    IT IS FURTHER ORDERED that Defendants' Applications to Proceed

6 Without Prepaying Fees or Costs are DENIED as moot.

7    IT IS SO ORDERED.

8

9    DATED:   January 30, 2017

10                                        _____
                                          MICHAEL W. FITZGERALD
11                                        UNITED STATES DISTRICT JUDGE

12 Presented by:

13

14 ROZELLA A. OLIVER

15 UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28